# United States District Court, Northern District of Illinois

| Name of Assigned Judge or Magistrate Judge | John W. Darrah | Sitting Judge if Other than Assigned Judge | |
|---|---|---|---|
| **CASE NUMBER** | 99 C 6514 | **DATE** | 5/31/2001 |
| **CASE TITLE** | SHARON D. BOYD vs. VILLAGE OF CAROL STREAM | | |

[In the following box (a) indicate the party filing the motion, e.g., plaintiff, defendant, 3rd party plaintiff, and (b) state briefly the nature of the motion being presented.]

**MOTION:**

**DOCKET ENTRY:**

(1) ☐ Filed motion of [ use listing in "Motion" box above.]
(2) ☐ Brief in support of motion due _____.
(3) ☐ Answer brief to motion due_____. Reply to answer brief due_____.
(4) ☐ Ruling/Hearing on _____ set for _____ at _____.
(5) ☐ Status hearing[held/continued to] [set for/re-set for] on _____ set for _____ at _____.
(6) ☐ Pretrial conference[held/continued to] [set for/re-set for] on _____ set for _____ at _____.
(7) ☐ Trial[set for/re-set for] on _____ at _____.
(8) ☐ [Bench/Jury trial] [Hearing] held/continued to _____ at _____.
(9) ☐ This case is dismissed [with/without] prejudice and without costs[by/agreement/pursuant to]
    ☐ FRCP4(m)   ☐ General Rule 21   ☐ FRCP41(a)(1)   ☐ FRCP41(a)(2).
(10) ■ [Other docket entry]   Enter Memorandum Opinion And Order. Plaintiff's motion for a new trial is denied. Status hearing held.

(11) ☒ [For further detail see order (on reverse side of/attached to) the original minute order.]

| | | | Document Number |
|---|---|---|---|
| | No notices required, advised in open court. | | |
| | No notices required. | number of notices | |
| | Notices mailed by judge's staff. | JUN 0 1 2001 | |
| | Notified counsel by telephone. | date docketed | |
| ✓ | Docketing to mail notices. | | |
| | Mail AO 450 form. | docketing deputy initials | |
| | Copy to judge/magistrate judge. | | |
| LG | courtroom deputy's initials | 01 MAY 31 PM 5:44  date mailed notice | |
| | | Date/time received in central Clerk's Office | mailing deputy initials |

# UNITED STATES DISTRICT COURT,
# NORTHERN DISTRICT OF ILLINOIS,
# EASTERN DIVISION.

SHARON D. BOYD,

    Plaintiff,

v.

VILLAGE OF CAROL STREAM,
a Municipal Corporation, et al.,

    Defendants.

Case No. 99 C 6514

Judge John W. Darrah

DOCKETED
JUN 1 2001

## MEMORANDUM OPINION AND ORDER

Plaintiff, Sharon D. Boyd ("Boyd"), filed suit against Defendants, Thomas McPike ("McPike"), John Kauffman ("Kaufmann"), John Chaplin ("Chaplin"), and the Village of Carol Stream ("Village"), for race discrimination under Title VII of the Civil Rights Act of 1964 ("Title VII"), as amended 42 U.S.C. § 2000(e) et seq., and 42 U.S.C. § 1981. Trial of Plaintiff's claims began on February 26, 2001 and concluded on March 1, 2001 with a jury verdict in favor of Defendants. Plaintiff has now moved for a new trial pursuant to Fed.R.Civ.P. 59(a), arguing that: (1) defense counsel's alleged misconduct prejudiced Plaintiff and denied her a fair trial; and (2) the jury's verdict was against the weight of the evidence. For the reasons stated herein, Plaintiff's Motion is Denied.

## STANDARD OF REVIEW

Fed.R.Civ.P. 59(a) permits a trial judge to grant a new trial:

to all or any of the parties and on all or part of the issues ... in an action in which there has been a trial by jury, for any of the reasons for which new trials have

-1-

heretofore been granted in actions at law in the courts of the United States ....

Fed.R.Civ.P. 59(a).

Courts have interpreted Rule 59(a)'s broad mandate to mean that the trial judge may order a new trial upon motion of one of the parties whenever the judge determines, in the exercise of discretion, that such an order is necessary to effect "substantial justice." *See, e.g., Rosera v. Int'l Harvester Co.*, 109 F.R.D. 143, 148 (E.D. Wis.1986). The Seventh Circuit has stated that a new trial may be granted where "the verdict is against the weight of the evidence, the damages are excessive, or if for other reasons the trial was not fair to the moving party." *Mid-America Tablewares, Inc. v. Mogi Trading Co.*, 100 F.3d 1353, 1367 (7th Cir. 1996) (citations omitted). The standards for granting a judgment notwithstanding the verdict and a new trial are distinct, the standard for a new trial being less onerous. *Lewis v. Elliot*, 628 F.Supp. 512, 515 (D.D.C. 1986). However, a Rule 59(a) motion for a new trial is not a vehicle for re-litigating issues or for presenting new theories of recovery; rather, "the motion is a device properly used to correct manifest errors of law or to present newly discovered evidence." *Rosera*, 109 F.R.D. at 149.

The facts underlying this case need not be reviewed since they were discussed in a previous opinion denying Defendants' Motion for Summary Judgment. *See Boyd v. Village of Carol Stream*, 2000 WL 1700124 (N.D.Ill. 2000)(Darrah, J.).

## **DISCUSSION**

### I. DEFENSE COUNSEL'S ALLEGED MISCONDUCT

Plaintiff argues that she is entitled to a new trial because defense counsel's misconduct throughout the trial prejudiced her and denied her a fair trial. She cites specifically: (1) defense counsel's improper publication of exhibits, (2) defense counsel's questioning regarding subsequent

-2-

hiring decisions, and (3) defense counsel's improper cross-examination of Plaintiff. These acts are considered individually.

## Publication of Exhibits

First, Plaintiff contends that defense counsel's improper publication of Exhibits 15(A), 16(A), 16(B), 17(A), and 17(B) prejudiced her case. Plaintiff points out that these documents were not identified as separate exhibits by Defendants in the Pretrial Order. Rather, exhibits 15, 16, and 17 were identified as "group exhibits," which supposedly included "supporting documents including number of applicants, identity in number of applicants who took the written examination, those that passed and failed the written examination." (Pretrial Order at 12).

Exhibits 15(A) and 16(A) list the reasons why the individuals listed on Exhibits 15 and 16 were not hired as police officers. Exhibit 16(B) attempts to explain why other candidates did not make the eligibility list. Exhibits 15(A), 16(A), and 16(B) also identify which candidates were African-American. These documents were assembled by an employee of the Village of Carol Stream in anticipation of this litigation. Exhibits 17(A) and 17(B) included similar material from a different year.

The publication of these documents to the jury does not warrant a new trial because (1) the jury was directed to disregard Exhibits 17(A) and 17(B), and (2) none of the documents were materially prejudicial to the Plaintiff's case.

Plaintiff's timely objection to Exhibits 17(A) and 17(B) resulted in the issuance of an order to the jury stating, "To the extent that you've seen anything on 17A and 17B, you are expressly directed to disregard it." (Transcript, Feb. 28, 2001). As the Seventh Circuit has observed, jurors are presumed to follow instructions. *See Miksis v. Howard*, 106 F.3d 754, 763 (7th Cir. 1997).

Secondly, Plaintiff has not shown that the contents of the Exhibits were sufficiently prejudicial so as to warrant a new trial. As to Plaintiff's argument that the material in these documents contradicted Defendants' answers to interrogatories, this point is one which is properly raised during cross-examination.

### Questioning Regarding Subsequent Hiring Decisions

Plaintiff next argues that defense counsel's improper questioning of Defendants in violation of Plaintiff's successful motion in limine prejudiced her case. (Pl. Mot. 9). This motion in limine sought to exclude evidence or testimony regarding the Village of Carol Stream's decision to hire an African-American police officer two years after Plaintiff filed this suit. Defense counsel asked Defendants Kaufman and Chaplin about hiring decisions they made regarding African American applicants – including decisions that were made subsequent to the filing of Plaintiff's lawsuit. Plaintiff's objections to both questions were sustained.

Whether defense counsel's questioning of Kaufman and Chaplin in violation of the motion in limine was willful or intentional need not be decided here. The fact is that no actual prejudice resulted from defense counsel's questioning. As the Plaintiff pointed out in her original motion in limine, changes in policy after the Plaintiff filed her lawsuit "will not tend to make the allegations supporting her claim of discrimination more or less probable." (Pl. Mot. in Lim. at 2). If Plaintiff was concerned about potential prejudice from these questions, she might have requested an order directing the jury to disregard the questions. Furthermore, the fact that Defendants were only able to find a "qualified" African-American after Plaintiff filed her discrimination suit would seem to support Plaintiff's claim rather than prejudice it.

### Cross-Examination of Plaintiff

Plaintiff contends that defense counsel's attempt to question her about a letter between the Berwyn Police Department and the Chicago Police Department, though inadmissible as hearsay, prejudiced her case. (Pl. Mot. 10). Plaintiff states that "[d]uring cross-examination, defense counsel asked plaintiff if she could explain why records of the Chicago Police Department's background check purportedly contains information from the Berwyn Police Department that suggest plaintiff may not have taken the oral interview."

Regardless of defense counsel's attempts, it is clear from the record that the contents of the inadmissible letter were never made known to the jury. The testimony at issue consisted of the following:

> Q: And one of those places that was included was the City of Berwyn?
> A: Yes
> Q: Were you aware that the City of Chicago made inquiries to the City of Berwyn with regard to your application for the Chicago Police Department?
> A: I assumed that they would. They didn't notify me that they were going to do that, no.
> Q: Are you aware that the – that Berwyn responded on a letter of the City of Chicago as to how you stood at the City of Berwyn?
> Plaintiff's Counsel: Objection, your Honor.
> ***
> A: Was I aware that Berwyn sent a letter to the City of Chicago?
> Q: No. That the City of Chicago sent them a letter asking them the status on that same letter.
> A: They did not notify me of that, no.
> Q: Are you aware that the letter of the City of Chicago provided – or the response to that on that same form said that you had –
>
> The Court: Wait. Hold it just a minute....
> ***
> Q: With regard to your status at Berwyn, it was your understanding that you were on the list but that that list expired after some period of time?
> A: Yes.
> The Court: Ladies and Gentleman, I instruct you to disregard any question involving a letter between Berwyn and the City of Chicago. You are to treat that as though that

> was not said in this room. Do you all understand?
>
> ***
>
> Q: So it was your understanding that you had completed all of your requirements to get on a list so that you could be appointed a police officer in Berwyn?
> A: To get on the list, yes. I don't know what the rest of their process consisted of.
> Q: And you had done everything to get on the list?
> A: To get on the list, yes.
> Q: And that included the – your written examination?
> A: Yes.
> Q: And your physical examination?
> A: I did not take a physical examination, no.
> Q: Psychological?
> The Court: That will be enough Mr. Ryan ... Ladies and gentlemen, disregard those last two questions. Do you understand?

(Transcript, February 27, 2001). Given that the contents of the letter were never made known to the jury, the mere reference to the letter by defense counsel can hardly be said to be prejudicial. Furthermore, even if some adverse inference could be drawn from the quoted interchange, any ensuing prejudice would have been cured by the directive to the jury to disregard the testimony.

## II. THE MERITS

Plaintiff argues that she is entitled to a new trial because the jury's verdict was against the weight of the evidence. (Pl. Mot. 2). The general rule is that a jury verdict is entitled to great deference and should not be overturned "[a]s long as there is a reasonable basis to support it." *Robinson v. Burlington Northern Railroad Co.*, 131 F.3d 648, 656 (7th Cir. 1997).

In employment discrimination cases, such as this one, credibility and intent are central issues. *Adreani v. First Colonial Bankshares Corp.*, 154 F.3d 389, 393 (7th Cir. 1998). When the resolution of a plaintiff's claim depends on the credibility of witnesses' testimony, "this credibility judgment is best left to the finder of fact." *Collier v. Budd Company*, 66 F.3d 886, 893 (7th 1995).

This case rested largely on the jury's credibility assessment of Defendants McPike, Kaufmann, and Chaplin. Either the jury believed their stated reason for not hiring Plaintiff, or they

did not. In his closing argument, Plaintiff's counsel stated:

> And I guess what they're saying to you, the plaintiff is saying to you is this is all garbage, they're lying to you, that they're on a mission to discriminate against Sharon Boyd, because that's the only way she could win the lawsuit. Otherwise she can't.

(Transcript, March 1, 2001). In considering the evidence in this case, the jury was certainly entitled to credit the testimony of Defendants McPike, Kaufmann, and Chaplin over that of Plaintiff Boyd. Indeed, "reasonable evidence" exists to support the verdict. The jury might have reasonably viewed the assessments of Sergeant Fisher and Laser Associates as substantiating the claim of Defendants that they considered her too shy and unassertive to be a police officer. As to any inconsistencies in Defendants' assessment of Plaintiff and other candidates, the jury is entitled to view them as simple human error as defense counsel suggests. ("And maybe there's mistakes on them. Maybe they're not all perfect.").

The jury's verdict was not against the weight of the evidence.

## CONCLUSION

For the reasons stated herein, Plaintiff's Motion for a New Trial is denied.

**IT IS SO ORDERED.**

John W. Darrah, Judge
United States District Court

Date: 5/31/01